UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,         No.       16-mc-51150

        Plaintiff,                        HON. VICTORIA A. ROBERTS

v.

D-1   NORMAN SHY,

        Defendant.

_____/

## GOVERNMENT'S MOTION TO DISMISS APPLICATION

NOW COMES Plaintiff, the United States of America, by and through its undersigned counsel, and moves this court to dismiss the Application of Joseph H. A. Lee and Maria L. Lee ("Application") pursuant to Fed.R.Crim.P. 32.2(c)(1)(A).

### I.       STATEMENT OF FACTS

1.       On or about March 29, 2016 an Information was filed in Criminal Case Number 16-20218 charging Defendant, Norman Shy ("Shy"), with federal violations including Conspiracy to Commit Federal Program Bribery in violation of 18 U.S.C. §§ 371, 666(a)(1)(B) (Count One) and Federal Income Tax Evasion in violation of 26 U.S.C. § 7201 (Count Two) (Criminal Dkt. #1). The Indictment contained a forfeiture allegation seeking the forfeiture of any property, real or personal, constituting or derived from proceeds obtained directly or indirectly,

resulting from said violations.

2.      On May 11, 2016, Defendant pled guilty to Counts One and Two of the Indictment and agreed to forfeit to the United States his right, title and interest in real property known as and located at 433 Fox Hills Drive S, Apt. 5, Bloomfield Hills, Michigan ("Fox Hills Drive") (Criminal Dkt. 23).

3.      On June 30, 2016 this Court entered a Preliminary Order of Forfeiture that forfeited Shy's right, title and interest in Fox Hills Drive. (Criminal Dkt. 30).

4.      In accordance with Fed.R.Crim.P. 32.2(b)(6)(A) and Title 21, United States Code, Section 853(n)(1), the United States published, on an official government internet site (www.forfeiture.gov), notice of the forfeiture for at least thirty (30) consecutive days, beginning on July 16, 2016. The notice advised any person claiming an interest of their right to petition the Court within sixty (60) days of the first date of publication for a hearing to adjudicate the validity of their alleged interest in Fox Hills Drive as well as requirements regarding the contents of the petition pursuant to Title 21, United States Code, Section 853(n).

5.      On August 8, 2016, Joseph H. A. Lee and Maria L. Lee ("Petitioners"), filed an Application, asserting an interest in Fox Hills Drive. (Dkt. 1) The Application simply asserts:

"Our name are Joe H. A Lee & Maria L. Lee, we live in Temple City,

California 91780. We would like to submit an application for interested property as the third party whom under your court Jurisdiction. If the property will be available, please contact us. Thank you."

## II.     LAW AND ARGUMENT

### Motion to Dismiss Standard for Ancillary Proceedings

Ancillary proceedings are governed by Fed.R.Crim.P. 32.2. Specifically, Rule 32.2(c)(1)(A) permits a court to dismiss petitions prior to any hearing on the merits for lack of standing or failure to state a claim. Such a motion is treated like a motion under Federal Rule of Civil Procedure 12(b). *See Pacheco v. Serendesky*, 393 F.3d 348, 352 (2d Cir. 2004) (a motion to dismiss a third party claim in the ancillary proceeding is treated like a Rule 12(b) motion in a civil case; all allegations in the petition are assumed to be true, and the petition may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the petitioner's allegations); *United States v. White*, 779 F. Supp. 2d 984, 988 (D. Minn. 2011).

### Petitioners Failed to Comply with the Pleading Requirements of Title 21, United States Code, Section 853(n)(3)

Under Title 21, United States Code, Section 853(n)(3):

The petition shall be signed by the petitioner under the penalty of perjury

3

and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The requirements that the Petitioners provide specific details about their alleged interest in Fox Hills Drive is not simply a technical requirement. "Courts have strictly construed these statutory requirements in order to discourage false or frivolous claims." *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (a bald assertion of ownership is not sufficient; claimant must set forth the time and circumstances of the acquisition of an interest in the property so that court can determine if claimant has set forth a claim on which relief can be granted). *See also United States v. Burge*, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011) ("Federal courts require strict compliance with the pleading requirements of § 853(n)(3) primarily because there is a substantial danger of false claims in forfeiture proceedings.").

A claim that fails to provide sufficient detail about the nature and acquisition of the claimed ownership interest is subject to dismissal. *United States v. Ginn*, 799 F. Supp. 2d at 647 ("failure to provide sufficient detail regarding nature of petitioner's interest as required by § 853(n) is grounds for dismissal."); *United States v. Timely*, 507 F.3d 1125, 1130 (8th Cir. 2007) (if the asserted property right

4

arises under state law, the federal court will look first to state law to see what interest the claimant has in the property; if he has no interest under state law, "the inquiry ends, and the claim fails for lack of standing"); *United States v. White*, 675 F.3d 1073, 1077 (8th Cir. 2012) (if claimant fails to establish a legal interest under state law, the inquiry ends and the claim fails for lack of standing; following *Timley*).

The Petitioners' Application is subject to dismissal under the foregoing standards. Petitioners failed to identify the nature of their alleged interest in Fox Hills Drive, or the time and circumstances under which they acquired this interest. As a result, they failed to satisfy the pleading standards under Section 853(n), and their Application should be dismissed.

<u>The Petitioners Lack Standing to Assert a Claim to Fox Hills Drive</u>

In addition to satisfying the pleading standards, Petitioners have the burden of demonstrating their standing in the ancillary proceeding. Petitioners must establish by a preponderance of the evidence that they have a "legal interest" in the forfeited property sufficient to satisfy the statutory standing requirement in Title 21, United States Code, Section 853(n)(2), and that they are able to satisfy one or the other of the substantive grounds for recovery described in Section 853(n)(6). Under Section 853(n)(6), the Petitioners may prevail only upon showing by

preponderance of the evidence that they possessed a vested or superior legal right, title or interest in the property at the time the criminal acts took place, or that they were bona fide purchasers for value and at the time of purchase were reasonably without cause to believe the property was subject to forfeiture. *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005).

The provisions of Title 21, United States Code, Section 853 are designed specifically to ensure that when the United States imposes the forfeiture on a criminal defendant, it forfeits from a defendant only property that belongs to him and not property that actually belongs to someone else.

Petitioners stated in their Application that they are submitting "an application for interested property as the third party whom under your court Jurisdiction."   The Application fails to comply with Title 21, United States Code, Section 853(n)(3), as it does not set forth the nature of their right, title or interest in the forfeited property, when and how the Petitioners acquired such title, right or interest, any facts supporting their Application, or relief sought.   Petitioners have filed an Application without providing any legal basis or any ownership right, title or interest in the forfeited property.

There is no indication as to what, if any, interest Petitioners may have in Fox Hills Drive. Documents on record with Oakland County prove that Fox Hills Drive

is titled to Shy Investments, a Michigan Limited Liability Company, evidenced by a Warranty Deed signed by Andrew M. Ulstad and Heather Ulstad on April 17, 2014 and recorded at Liber 47037 and Page 276 on May 15, 2014, in the records of the Oakland County Register of Deeds, Michigan. Nothing in the record show evidence that the Petitioners as having any right, title, or interest in Fox Hills Drive.

The Application does not state a claim nor does it meet the procedural requirements of Title 21, United States Code, Section 853(n)(3), for the filing a third-party petition and should be dismissed under Fed.R.Crim.P. 32.2(c)(1)(A). *See United States v. Ceballos-Lepe*, 977 F.Supp. 2d 1085, 1088-89 (D. Utah 2013) (granting motion to dismiss under Rule 32.2(c)(1)(A) for failure to allege sufficient facts to establish standing under § 853(n)(2)); *see also United States v. Wheaton*, 2005 WL 2429792,*5 (D. Me. 2005) (granting motion to dismiss because petition fails to state a claim sufficient to recover under section 853(n)(6)(A) or (B) even if all facts are assumed to be true); *United States v. Wellington*, 2007 WL 81848, *1 (N.D. Ohio 2007) ("It has been held that failure to meet the statutorily mandated pleading requirements of 21 U.S.C. §853(n)(3)… warrants dismissal of claims filed in a forfeiture petition."); *United States v. BCCI Holdings (Luxembourg) S.A. (Petitions of General Creditors)*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("if a third

party fails to allege in its petition all elements necessary for recovery including those relating to standing, the court may dismiss the petition without providing a hearing").

Petitioners Filed Frivolous Application in other Jurisdictions

The government believes that the Application filed in this Court is frivolous and was part of a mass mailing sent out by Petitioners to target court cases with forfeitable assets as published on the government website (www.forfeiture.gov). A search on PACER in all U.S. District Courts revealed that Petitioners have filed similar Applications in multiple jurisdictions, namely:

| District Court | Criminal Case No. | Date Filed |
|---|---|---|
| 1.  CAE | 2:15-cr-00177 | 6/23/2016 |
| 2.  MD | 8:13-cr-00436 | 6/23/2016 |
| 3.  FLS | 1:15-cr-20411 | 6/24/2016 |
| 4. WVS | 2:16-cr-00080 | 7/19/2016 |
| 5. OKN | 4:14-cr-00073 | 7/19/2016 |
| 6. FLMD | 8:14-cr-00058 | 7/19/2016 |
| 7. NCW | 5:15-cr-00057 | 7/19/2016 |
| 8. MOE | 4:14-cr-00187 | 7/19/2016 |
| 9. TNW | 3:15-cr-00056 | 7/19/2016 |

8

| 10. FLS | 1:15-cr-20773 | 7/20/2016 |
| 11. MD | 8:14-cr-00292 | 7/19/2016 |
| 12. AZ | 4:15-cr-02022-02 | 7/22/2016 |

Copies of the Applications listed above are attached as Exhibit A.

In fact, the Petitioners are abusing the forfeiture process by filing spurious Applications in a multitude of cases, thus forcing the United State to file otherwise unnecessary responses and thereby wasting judicial resources.

### III.    CONCLUSION

Since Petitioners failed to state a claim or meet procedural pleading requirements pursuant to Title 21, United States Code, Section 853(n), their Application must fail.

For the reasons set forth above, the United States respectfully request the Court to dismiss the Application of Joseph H. A. Lee and Maria L. Lee. The government will submit a proposed order through the Court's ECF Utilities.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/ Paul A. Kuebler*
PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9641
Email: paul.kuebler@usdoj.gov
Dated: September 9, 2016            (NY 4268561)

10

## *CERTIFICATION OF SERVICE*

I hereby certify that on September 9, 2016, the foregoing documents were filed with the Clerk of the Court using the ECF system, which will notify all ECF participants.

S/PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
(NY 4268561)

1